Marsha LOVE, Plaintiff,

v.

Carolyn W. COLVIN, Acting Commissioner of Social Security Administration, Defendant.

CIVIL ACTION NO. 6:15–cv–338–WMA

United States District Court,
N.D. Alabama, Jasper Division.

Signed March 28, 2016

John M. Pennington, Pennington Law Firm LLC, Birmingham, AL, for Plaintiff.

Don B. Long, III, Jack B. Hood, United States Attorney's Office, Birmingham, AL, Rebecca Ringham, Office of the General Counsel, Atlanta, GA, for Defendant.

### MEMORANDUM OPINION AND ORDER

WILLIAM M. ACKER, JR., UNITED STATES DISTRICT JUDGE

On March 11, 2016, the court denied the Commissioner's motion to alter or amend the judgment in this action, which reversed the Commissioner's denial of benefits and remanded the action for the singular purpose of awarding benefits. As an addendum to that opinion and order, the court states the following.

It has come to the court's attention that in a previous social security appeal in which this court reversed the Commissioner's denial of benefits and remanded solely for the calculation and award of past-due benefits, the Commissioner took an inordinate amount of time—**16 months** after the court's award of benefits—before actually paying past-due benefits to the plaintiff. *See Lane v. Colvin,* No. 5:13–cv–62–WMA. The statute under which the court awarded benefits in *Lane,* as well as in this case, does not require the court to provide the Commissioner the opportunity to calculate the past-due benefits owed. *See* 42 U.S.C. § 05(g). The court did so as a courtesy to the Commissioner, but a 16–month delay in awarding benefits is an abuse of that courtesy. Accordingly, should the Commissioner in this case delay the award of benefits more than **2 months** from the

date of this order (or more than 2 months after final resolution of an appeal), the court would be amenable to adding to plaintiff's recovery statutory attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. The court extends plaintiff's deadline for seeking such fees until 30 days after the payment of past-due benefits to plaintiff.